# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PHILLIP CRINER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-416-HEA |
| RICHARD ADAMS, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On March 19, 2024, the Court directed self-represented plaintiff Phillip Criner to either pay the Court's $405 filing fee or file a motion for leave to proceed *in forma pauperis*. ECF No. 2. If plaintiff opted for the latter, he was instructed to also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. Plaintiff was also directed to amend his complaint to include his signature, which he omitted in violation of the Federal Rules of Civil Procedure and Local Rules of this Court. He was directed to comply no later than April 18, 2024.

On April 4, 2024, plaintiff submitted a motion for leave to proceed *in forma pauperis*. ECF No. 3. The motion, however, does not contain plaintiff's signature. Further, plaintiff has not submitted a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint, which the Court explained to him is required when seeking *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(2); *see also* 28 U.S.C. § 1915(h) (defining a "prisoner" as including a person detained in any facility who is accused of violations of criminal law). A "certified copy" is one that has been certified by an authorized prison officer that is a true and correct copy.

In consideration of plaintiff's self-represented status, the Court will provide him with one final opportunity to comply. Plaintiff must submit, within twenty-one (21) days, a certified copy of his inmate account statement for the six-month period immediately preceding the filing of this action. If the institution refuses to provide him with his account statement, he must inform the Court, in writing. Plaintiff is also directed to resubmit a signed motion for leave to commence this civil action without payment of the required filing fee. The Local Rules of this Court require that all filings be signed by the self-represented party or the party's attorney. *See* E.D. Mo. L.R. 2.01(A)(1). Similarly, under Federal Rule of Civil Procedure 11(a), every written pleading or motion must be signed "by a party personally if the party is unrepresented" and the Court must strike an unsigned paper "unless the omission is promptly corrected after being called to the . . . party's attention." As a result, the Court will order the Clerk to return the motion to plaintiff so that he may sign it and return it to the Court for filing.

Accordingly,

**IT IS HEREBY ORDERED** that, within **twenty-one (21) days** after the date of this Order, plaintiff shall submit a certified copy of his Eastern Reception Diagnostic and Correctional Center "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of this action.

**IT IS FURTHER ORDERED** that the Clerk shall return plaintiff's motion for leave to commence this civil action without payment of the required filing fee [ECF No. 3] to him.

**IT IS FURTHER ORDERED** that plaintiff shall complete and sign the motion for leave to commence this civil action without payment of the required filing fee and return it to the Court within **twenty-one (21) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 2nd day of May, 2024.

                                              HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE