UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILLIP CRINER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:24-CV-416 HEA |
| RICHARD ADAMS, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Phillip Criner, an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepayment of the required filing fee. ECF No. 7. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $43.78. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will issue service on defendants Samuel Snyder and John Doe Lewis in their individual capacities. The Court will dismiss the official capacity claims against all defendants for failure to state a claim. Finally, the Court will deny without prejudice plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion for leave to commence this civil action without prepayment of the required filing fee, plaintiff submitted a copy of his Missouri Department of Corrections ("MDOC") inmate account statement. ECF No. 8. A review of plaintiff's account indicates an average monthly deposit of $61.08 and an average monthly balance of $218.91. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $43.78, which is 20 percent of plaintiff's average monthly balance.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On March 18, 2024, plaintiff Phillip Criner filed the instant action on a Court-provided form complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff failed to sign the complaint as required by Federal Rule of Civil Procedure 11(a) and the Local Rules of this Court. Consequently, the Court directed the Clerk to return the complaint to plaintiff and instructed him to resubmit with his signature. ECF No. 2.

Plaintiff filed his signed complaint on April 16, 2024. ECF No. 4. He names three defendants: (1) Warden Richard Adams in his official and individual capacities; (2) Correctional Officer Samuel Snyder in his official and individual capacities; and (3) Correctional Officer John Doe Lewis with no indication as to what capacity he intends to sue him. It appears all defendants are employees of the MDOC.

Plaintiff alleges, on July 5, 2022, defendant Officer Snyder placed him in handcuffs in order to escort him to another housing unit. *Id.* at 4. During the escort, plaintiff asserts he asked to "self-declare and see the nurse." *Id.* Plaintiff states Officer Snyder "became irate" and denied his

medical request. *Id.* He was then "pulled" by Officers Snyder and Lewis toward the housing unit, and "about 2-3 feet from [the] entrance" defendants "viciously slammed [him] on the concrete patio on the left side of [his] face rendering [him] stun disoriented." *Id.* Defendants "repeatedly" hit him in the torso, face, back, and head while calling him a racial slur. *Id.* Plaintiff alleges the incident caused facial lacerations, bruising on his left shoulder and knee, and tissue and cartilage damage. He claims the impact was so hard that his glasses were shattered. *Id.*

Plaintiff leaves the section designated for him to describe the relief he seeks blank. *See id.* at 7. However, he does explicitly indicate on his 'Civil Cover Sheet' a demand of $50,000 in monetary damages. *See* ECF No. 1-1.

## Discussion

**A. Official Capacity Claims**

Plaintiff sues all three defendants in their official capacities.[1] Official capacity claims are subject to dismissal because a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

---

[1] Plaintiff names defendants Adams and Snyder in their official capacities but is silent as to the capacity he wishes to sue defendant Lewis. A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims"). As such, the Court presumes that plaintiff is suing all defendants in their official capacities only.

In this case, all defendants appear to be employees of the Missouri Department of Corrections and, therefore, are employees of the State of Missouri. Plaintiff has failed to state a claim because the State of Missouri is not a "person" under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Further, plaintiff is seeking $50,000 in monetary damages, and "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

Even if plaintiff had sought injunctive relief, his official capacity claims fail because he has not demonstrated that the MDOC is liable for a constitutional violation due to an official policy, an unofficial custom, or a deliberately indifferent failure to train. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); and *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Thus, liberally construing the complaint, plaintiff's allegations against all defendants in their official capacities must be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

**B. Individual Capacity Claims**

**1. Defendant Warden Adams**

To the extent plaintiff intended to bring an individual capacity claim against defendant Warden Adams, such a claim would fail even if it was properly asserted. Plaintiff names Warden Adams without alleging, with any specificity, that he did anything to violate his rights. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003)

(affirming dismissal of self-represented complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them). Moreover, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995); *see also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

Plaintiff's failure to allege facts demonstrating the Warden's personal involvement, if any, indicates that plaintiff sought to bring claims premised entirely upon respondeat superior, and such claims are not cognizable in § 1983 actions.

### 2. Defendant Officers Snyder and Lewis

Plaintiff states that he is a convicted and sentenced state prisoner. ECF No. 4 at 2. As such, his excessive force claims are governed by the Eighth Amendment. *See Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014). The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017).

Here, plaintiff plausibly alleges that defendants Snyder and Lewis used excessive physical force against him. He indicates he was retrained in handcuffs when defendants Snyder and Lewis slammed him onto a concrete floor with so much force plaintiff sustained facial lacerations and

his glasses broke. Plaintiff also claims that these defendants repeatedly hit him in the torso, face, back, and head.

For purposes of preservice review, the Court must accept as true all of plaintiff's factual allegations and afford him "all reasonable inferences that can be drawn from those allegations." *See Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014); *Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016). The Court finds that plaintiff has alleged enough facts in his complaint to survive initial review as to his claims for excessive force in violation of the Eighth Amendment against defendants Snyder and Lewis in their individual capacities.

To the extent plaintiff attempts to bring a verbal harassment claim against these defendants, such a claim fails. *See Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986) (usually, mere words, without more, do not invade federally protected rights; "rough language" resulting only in hurt feelings not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338-39 (8th Cir. 1985) (verbal threats and name calling usually not actionable under § 1983).

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 6. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony,

and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

In this case, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant complaint or in the record before the Court evidence that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, the defendants have yet to be served with process and discovery has not begun, so there is no conflicting testimony. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $43.78 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 6] is **DENIED without prejudice** at this time.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against all defendants brought pursuant to 42 U.S.C. § 1983, are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that defendant Warden Richard Adams is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendant Correctional Officers Samuel Snyder and John Doe Lewis in their individual capacities for plaintiff's claims of excessive force.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

A separate order of partial dismissal will be filed herewith.

Dated this 21st day of May, 2024.

                                                                            _____
                                                                                   HENRY EDWARD AUTREY
                                                                            UNITED STATES DISTRICT JUDGE